OSCN Found Document:In Re: Rules of the Supreme Court of the State of Oklahoma on Legal Internship

 

 
 In Re: Rules of the Supreme Court of the State of Oklahoma on Legal Internship
2025 OK 83
Decided: 11/17/2025
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2025 OK 83, __ P.3d __

 

In Re: Rules of the Supreme Court of the State of Oklahoma on Legal Internship

ORDER

This matter comes on before this Court upon an Application to Amend Rules 2 and 6 and Regulation 7 of the Rules of the Supreme Court of the State of Oklahoma Licensed Legal Internship (hereinafter "Rules") filed on May 20, 2025. This Court finds that it has jurisidiction over this matter and Rules 2 and 6 and Regulation 7 is hereby amended as set forth in Exhibit a attached hereto, effective immediately.

DONE BY ORDER OF THE SUPREME COURT IN CONFERENCE THIS 17TH DAY OF NOVEMBER, 2025.

/s/____________________________

CHIEF JUSTICE

Rowe, C.J., Winchester, Edmondson, Combs and Jett, JJ., concur;

Gurich, J., concurs in part; dissents in part;

Kuehn, V.C.J.(by separate writing), Darby and Kane, JJ., dissent.

Exhibit "A" Clean Version

RULE 2 ELIGIBILITY FOR A LIMITED LICENSE

Rule 2.1 Law Student Applicant

The law student applicant must meet the following requirements in order to be eligible for a limited license as a Licensed Legal Intern:

a) Have successfully completed half of the number of academic hours in a law school program leading to a Juris Doctor Degree required by the American Bar Association Accreditation Standards. Those hours must include the following courses: Professional Responsibility, Evidence and Civil Procedure I & II. A law student may apply when he or she is enrolled in courses which upon completion will satisfy this requirement. (See Interpretations 98-2, 2002-1 and 2022-1.) (Amended October 25, 2011)

b) Have a graduating grade point average at his or her law school.

c) Have approval of his or her law school dean.

d) Have registered and been accepted as a law student with the Oklahoma Board of Bar Examiners. After character and fitness has been reviewed and approved by the Oklahoma Board of Bar Examiners the applicant shall report subsequent misdemeanor or felony charges, excluding traffic violations, within 45 calendar days of the filing of the charge, to the Executive Director of the Oklahoma Bar Association. The Legal Internship Committee will review to determine continued eligibility. (See Interpretation 98-3.)

Rule 6 TERM OF LIMITED LICENSE

Rule 6.1 Termination of the Limited License

The limited license shall terminate automatically when:

(a) A Licensed Legal Intern's cumulative grade point average falls below a graduating grade point average for his or her particular law school.

(b) A Licensed Legal Intern no longer is working for an approved supervising attorney.

(c) A Licensed Legal Intern has passed the first bar examination given after the Licensed Legal Intern graduated from law school and is administered the oath by the Oklahoma Supreme Court admitting the Licensed Legal Intern as a practicing attorney.

(d) A Licensed Legal Intern has not finished requirements for graduation from law school within twenty-four months following being sworn in as a Licensed Legal Intern. Upon application and good cause being shown the Legal Internship Committee or the Supreme Court Reviewing Panel may extend the term of the limited license for a period not to exceed one year.

(e) For any reason a Licensed Legal Intern is no longer participating in an approved law school internship program without having completed the requirements for graduation. (Amended December 11, 2023. See Interpretation 2022-1.)

(f) The Licensed Legal Intern does not pass or fails to take the Oklahoma Bar Examination immediately subsequent to the Licensed Legal Intern's graduation from law school. (See Interpretations 96-1, 97-3, 97-4, 98-5, 2000-1 and 2012-1.)

(1) However the Licensed Legal Intern may petition for reinstatement after failing the Bar Examination the first time by showing good cause and filing an appropriate law graduate application with the Executive Director of the Oklahoma Bar Association. Reinstatement petitions shall be heard by the Supreme Court Reviewing Panel.

(g) The Licensed Legal Intern otherwise fails to be administered the oath by the Supreme Court and admitted to practice immediately subsequent to the Licensed Legal Intern's graduation from law school.

Rule 6.2 Inactive Status of the Limited License

A Licensed Legal Intern can avoid termination of the limited license under Rule 6.1(b) or (e) and therefore inactivate his or her limited license by notifying the Executive Director of the Oklahoma Bar Association in writing of the inactive status of his or her limited license. The limited license can then be reactivated in a future semester or upon graduation by the Licensed Legal Intern notifying the Executive Director of the Oklahoma Bar Association of his or her intention to reactivate the limited license and filing a new supervising attorney form. (See Interpretations 98-4 and 98-5.)

Rule 6.3 Revocation of the Limited License

For good cause the Legal Internship Committee may revoke the limited license of any Licensed Legal Intern after notice is given and a hearing afforded. An order of revocation must be filed with the Executive Director of the Oklahoma Bar Association and a copy sent to the Chief Justice of the Supreme Court but will not be filed in the Supreme Court. Upon revocation of the limited license the Licensed Legal Intern shall surrender his or her license to the Executive Director of the Oklahoma Bar Association.

Rule 6.4 Disclosure Requirement

After licensure, Licensed Legal Interns and Academic Legal Interns have an ongoing responsibility to disclose any subsequent felony or misdemeanor charges, excluding traffic violations, to the Executive Director of the Oklahoma Bar Association. The charges must be reported within 45 calendar days of the filing of the charge. Failure to make such report within the specified timeframe shall result in revocation of the limited license. The Legal Internship Committee shall review the new charge(s) and determine whether the charges warrant revocation of the Legal Internship License or other action by the Legal Internship Committee. 

REGULATION 7 ACADEMIC LEGAL INTERN CRIMINAL BACKGROUND REPORT

(A) Under Rule 2.1A (1)(g) fingerprint-based and name-based criminal history, sex offender, and violent offender searches are required from the Oklahoma State Bureau of Investigation.

Applicants who have been cited for, arrested for, charged with, or convicted of any violation of any law other than a case which was resolved in juvenile court, must disclose the same on the application. This disclosure requirement includes all matters that have been expunged, dismissed, subject to a diversion or deferred prosecution agreement, or otherwise set aside. Copies of the associated arrest report, complaint, indictment, citation, information, disposition, sentence docket report, and appeal, if any, must be attached to the application. (Amended March 27, 2020, August 23, 2021)

Applicants who have been cited for, arrested for, charged with, or convicted of any violation of any alcohol or drug-related traffic violation, other than a violation that was resolved in juvenile court, must disclose the same on the application. This disclosure requirement includes all matters that have been expunged, dismissed, subject to a diversion or deferred prosecution agreement, or otherwise set aside. Copies of the associated arrest report, complaint, indictment, citation, information, disposition, sentence docket report, and appeal, if any, must be attached to the application. (Amended March 27, 2020, August 23, 2021)

(B) The student shall assume full responsibility for all the necessary procedures and fees associated with requesting complete criminal background reports.

(C) Reports containing no charges or arrests will be administratively approved by the Executive Director of the Oklahoma Bar Association.

(D) Reports containing charges or arrests will be reviewed by the Supreme Court Reviewing Panel to determine if the student is eligible for licensure as an Academic Legal Intern under these rules. The Supreme Court Reviewing Panel shall either unanimously approve the student's application or refer the matter to the Legal Internship Committee for further consideration.

(E) If a report is reviewed by the Supreme Court Reviewing Panel and then referred to the Legal Internship Committee for its determination, the student shall have the right to be heard in support of his or her application. The decision of the Legal Internship Committee shall be final with no right to appeal.

(F) After criminal history has been approved, the applicant has a continuing obligation to report subsequent misdemeanor or felony charge(s), excluding traffic violations, within 45 calendar days of the charge(s) being filed.

Exhibit "A" (Redline)

RULES OF THE SUPREME COURT ON LICENSED LEGAL INTERNS

RULE 2 ELIGIBILITY FOR A LIMITED LICENSE

Rule 2.1 Law Student Applicant

The law student applicant must meet the following requirements in order to be eligible for a limited license as a Licensed Legal Intern:

a) Have successfully completed half of the number of academic hours in a law school program leading to a Juris Doctor Degree required by the American Bar Association Accreditation Standards. Those hours must include the following courses: Professional Responsibility, Evidence and Civil Procedure I & II. A law student may apply when he or she is enrolled in courses which upon completion will satisfy this requirement. (See Interpretations 98-2, 2002-1 and 2022-1.) (Amended October 25, 2011)

b) Have a graduating grade point average at his or her law school.

c) Have approval of his or her law school dean.

d) Have registered and been accepted as a law student with the Oklahoma Board of Bar Examiners of the Oklahoma Bar Association. Provided, that students from outside Oklahoma who are attending law school in Oklahoma, are exempt from registering as a law student in Oklahoma upon a satisfactory showing of similar registration and approval in a state whose standards for admission are at least as high as those for Oklahoma. The determination of the equivalence of standards is to be made by the Legal Internship Committee. After character and fitness has been reviewed and approved by the Oklahoma Board of Bar Examiners the applicant shall report subsequent misdemeanor or felony charges, excluding traffic violations, within 45 calendar days of the filing of the charge, to the Executive Director of the Oklahoma Bar Association. The Legal Internship Committee will review to determine continued eligibility. (See Interpretation 98-3.)

Rule 6 TERM OF LIMITED LICENSE

Rule 6.1 Termination of the Limited License

The limited license shall terminate automatically when:

(a) A Licensed Legal Intern's cumulative grade point average falls below a graduating grade point average for his or her particular law school.

(b) A Licensed Legal Intern no longer is working for an approved supervising attorney.

(c) A Licensed Legal Intern has passed the first bar examination given after the Licensed Legal Intern graduated from law school and is administered the oath by the Oklahoma Supreme Court admitting the Licensed Legal Intern as a practicing attorney.

(d) A Licensed Legal Intern has not finished requirements for graduation from law school within twenty-four months following being sworn in as a Licensed Legal Intern. Upon application and good cause being shown the Legal Internship Committee or the Supreme Court Reviewing Panel may extend the term of the limited license for a period not to exceed one year.

(e) For any reason a Licensed Legal Intern is no longer participating in an approved law school internship program without having completed the requirements for graduation. (Amended December 11, 2023. See Interpretation 2022-1.)

(f) The Licensed Legal Intern does not pass or fails to take the Oklahoma Bar Examination immediately subsequent to the Licensed Legal Intern's graduation from law school. (See Interpretations 96-1, 97-3, 97-4, 98-5, 2000-1 and 2012-1.)

(1) However the Licensed Legal Intern may petition for reinstatement after failing the Bar Examination the first time by showing good cause and filing an appropriate law graduate application with the Executive Director of the Oklahoma Bar Association. Reinstatement petitions shall be heard by the Supreme Court Reviewing Panel.

(g) The Licensed Legal Intern otherwise fails to be administered the oath by the Supreme Court and admitted to practice immediately subsequent to the Licensed Legal Intern's graduation from law school.

Rule 6.2 Inactive Status of the Limited License

A Licensed Legal Intern can avoid termination of the limited license under Rule 6.1(b) or (e) and therefore inactivate his or her limited license by notifying the Executive Director of the Oklahoma Bar Association in writing of the inactive status of his or her limited license. The limited license can then be reactivated in a future semester or upon graduation by the Licensed Legal Intern notifying the Executive Director of the Oklahoma Bar Association of his or her intention to reactivate the limited license and filing a new supervising attorney form. (See Interpretations 98-4 and 98-5.)

Rule 6.3 Revocation of the Limited License

For good cause the Legal Internship Committee may revoke the limited license of any Licensed Legal Intern after notice is given and a hearing afforded. An order of revocation must be filed with the Executive Director of the Oklahoma Bar Association and a copy sent to the Chief Justice of the Supreme Court but will not be filed in the Supreme Court. Upon revocation of the limited license the Licensed Legal Intern shall surrender his or her license to the Executive Director of the Oklahoma Bar Association.

Rule 6.4 Disclosure Requirement

After licensure, Licensed Legal Interns and Academic Legal Interns have an ongoing responsibility to disclose any subsequent felony or misdemeanor charges, excluding traffic violations, to the Executive Director of the Oklahoma Bar Association. The charges must be reported within 45 calendar days of the filing of the charge. Failure to make such report within the specified timeframe shall result in revocation of the limited license. The Legal Internship Committee shall review the new charge(s) and determine whether the charges warrant revocation of the Legal Internship License or other action by the Legal Internship Committee. 

REGULATION 7 ACADEMIC LEGAL INTERN CRIMINAL BACKGROUND REPORT

(A) Under Rule 2.1A (1)(g) fingerprint-based and name-based criminal history, sex offender, and violent offender searches are required from the Oklahoma State Bureau of Investigation.

Applicants who have been cited for, arrested for, charged with, or convicted of any violation of any law other than a case which was resolved in juvenile court, must disclose the same on the application. This disclosure requirement includes all matters that have been expunged, dismissed, subject to a diversion or deferred prosecution agreement, or otherwise set aside. Copies of the associated arrest report, complaint, indictment, citation, information, disposition, sentence docket report, and appeal, if any, must be attached to the application. (Amended March 27, 2020, August 23, 2021)

Applicants who have been cited for, arrested for, charged with, or convicted of any violation of any alcohol or drug-related traffic violation, other than a violation that was resolved in juvenile court, must disclose the same on the application. This disclosure requirement includes all matters that have been expunged, dismissed, subject to a diversion or deferred prosecution agreement, or otherwise set aside. Copies of the associated arrest report, complaint, indictment, citation, information, disposition, sentence docket report, and appeal, if any, must be attached to the application. (Amended March 27, 2020, August 23, 2021)

(B) The student shall assume full responsibility for all the necessary procedures and fees associated with requesting complete criminal background reports.

(C) Reports containing no charges or arrests will be administratively approved by the Executive Director of the Oklahoma Bar Association.

(D) Reports containing charges or arrests will be reviewed by the Supreme Court Reviewing Panel to determine if the student is eligible for licensure as an Academic Legal Intern under these rules. The Supreme Court Reviewing Panel shall either unanimously approve the student's application or refer the matter to the Legal Internship Committee for further consideration.

(E) If a report is reviewed by the Supreme Court Reviewing Panel and then referred to the Legal Internship Committee for its determination, the student shall have the right to be heard in support of his or her application. The decision of the Legal Internship Committee shall be final with no right to appeal.

(F) After criminal history has been approved, the applicant has a continuing obligation to report subsequent misdemeanor or felony charge(s), excluding traffic violations, within 45 calendar days of the charge(s) being filed. 

KUEHN, V.C.J., with whom DARBY and KANE, JJ., join, dissenting:

¶1 The Board of Governors of the Oklahoma Bar Association has proposed amendments to Rules 2 and 6 of the Rules of the Supreme Court on Licensed Legal Internship, as well as an amendment to Regulation 7 of the Regulations of the Oklahoma Bar Association Legal Internship Committee. 

¶2 Together, these three proposed amendments would add continuing character and fitness reporting requirements for approved licensees. If that were the extent of the changes, there would be no objection. However, the amendments go further--creating two significant problems.

I. Proposed Amendment to Rule 2.1

¶3 The proposed change to Rule 2.1(d) would effectively require all Licensed Legal Internship (LLI) applicants--including those who intend to practice outside Oklahoma--to register and be accepted as law students with the Oklahoma Board of Bar Examiners. 

¶4 Eliminating this exemption imposes an unfair and duplicative financial and administrative burden on students planning to practice in another jurisdiction. Under current requirements, registration with the Oklahoma Board of Bar Examiners includes:

- A Law Student Registration Application and a $125 fee;

- A National Conference of Bar Examiners (NCBE) Character and Fitness Report; and

- A $275 fitness report fee.

¶5 Because the NCBE requires a separate character and fitness report for each jurisdiction, Oklahoma law students intending to practice out of state would now need to complete two sets of applications, two fitness investigations, and pay two sets of fees--one for Oklahoma and one for their intended jurisdiction.

¶6 This duplicative requirement forces students into one of two undesirable positions:

1. Incur additional financial and administrative costs to register in both jurisdictions; or

2. Forego participation in the Licensed Legal Internship program, thereby losing a formative professional experience and a key component of the educational value of an Oklahoma legal education.

¶7 In short, the proposed amendment to Rule 2.1(d) would impose unnecessary barriers without corresponding benefit to the public or the profession.

II. Proposed Amendment to Regulation 7

¶8 The proposed amendment to Regulation 7 introduces subsection (F), establishing a continuing obligation for interns to report any subsequent misdemeanor or felony charges. While the stated goal is to align with the proposed changes to Rules 2.1(d) and 6.4, the language of Regulation 7(F) is broader and more ambiguous than those rules.

Unlike Rules 2.1 and 6.4, the proposed Regulation 7(F) lacks critical guidelines:

- Fails to specify to whom disclosures must be made; and

- Provides no procedural framework for ensuring due process in the reporting and review process.

¶9 For clarity and consistency, Regulation 7(F) should mirror the language and structure of Rule 6.4, ensuring that reporting requirements are transparent, administrable, and respectful of applicants' rights.

III. Conclusion

¶10 The proposed amendment to Rule 2.1(d) imposes unnecessary and duplicative financial obligations on Oklahoma law students who plan to practice in other states. Likewise, the proposed amendment to Regulation 7(F) lacks clarity and procedural safeguards.

¶11 For these reasons, I respectfully dissent.

FOOTNOTES